UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DONALD BARNETT<br>    Plaintiff,<br><br>v.<br><br>CHARLES F. PHILLIPS, TERESA BROWN,<br>KATHY MOUNT, ROANE COUNTY,<br>TENNESSEE, and JACK STOCKTON,<br>    Defendants | )<br>)<br>)<br>)   No. 3:07-CV-329<br>)   (Phillips)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Plaintiff filed this civil rights action, pursuant to 42 U.S.C. §§ 1983 and 1981, alleging that defendants violated his constitutional rights when he was unlawfully arrested and then suffered unconstitutional conditions of confinement in the Roane County Jail. Defendants Kathy Mount, Jack Stockton and Roane County, Tennessee have filed motions to dismiss on the grounds of judicial immunity and because plaintiff's complaint fails to state a claim upon which relief can be granted. For the reasons which follow, defendants' motions to dismiss will be granted.

## Background

Plaintiff asserts that the defendants conspired to have him arrested after he issued a check to defendant Charles Phillips, which the defendants believed to have been written on a closed account. The plaintiff was arrested pursuant to the issuance of an

arrest warrant by defendant Kathy Mount, and detained in the Roane County Jail. He was subsequently released on bond.

## Motions to Amend Complaint

Plaintiff has twice moved the court to amend his complaint in response to the defendants' motions to dismiss [Docs. 34, 44]. Plaintiff's motions to amend are **GRANTED,** and the court has construed the defendants' motions to dismiss in light of the allegations contained in plaintiff's second amended complaint [attachment to Doc. 44]. Plaintiff is **DIRECTED** to file his second amended complaint with the clerk to be made a part of the record in this case.

## Motions to Dismiss

### Kathy Mount

Defendant Kathy Mount has moved to dismiss the claims against her on the ground that she was acting in her capacity as a judicial magistrate and that she is entitled to absolute judicial immunity. A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts

should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

The gravamen of plaintiff's complaint against Kathy Mount is that Mount, acting in her capacity as a judicial magistrate, authorized the arrest of plaintiff. It is well established both in the Sixth Circuit and under Tennessee law that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. *Bush v. Rauch,* 38 F.3d 842, 847-48 (6th Cir. 1994); *Miller v. Niblack,* 942 S.W.2d 533 (Tenn.App. 1996). The doctrine of absolute judicial immunity protects judges and other court officers from liability for damages for their judicial acts. *See Mireles v. Waco,* 502 U.S. 9, (1991); *Stump v. Sparkman,* 435 U.S. 349 (1978). The Supreme Court has stated that a judge will not be deprived of immunity because the action he or she took was in error, was done maliciously, or was in excess of his or her authority. *Stump* at 356-57. Judicial immunity is not available only when a judge did not perform a judicial act or when the judge acted in the clear absence of all jurisdiction. *Mireles* at 11-12. Generally, officials who perform judicial or quasi-judicial functions are entitled to immunity when they are "involved in an integral part of the judicial process." *Miller* at 537.

The allegations of plaintiff's second amended complaint establish that Mount was acting in her capacity as a judicial magistrate at the time of the acts alleged. The position of judicial magistrate in Roane County includes power to authorize arrests. Plaintiff argues that because Mount is not a licensed attorney, she was acting in clear absence of all jurisdiction. Contrary to plaintiff's argument, there is no requirement of a law license to issue arrest and search warrants in Tennessee. *See* Op. Atty. Gen. No. 97-093, June 26, 1997. Thus, Mount was acting within the authority granted to judicial magistrates, and she is entitled to absolute judicial immunity for issuing the arrest warrant for plaintiff. Accordingly, plaintiff's complaint against Mount is barred under the doctrine of judicial immunity and is **DISMISSED**.

### Jack Stockton

In his second amended complaint, plaintiff alleges that Jack Stockton, Sheriff of Roane County, "negligently, with gross negligence, failed to maintain the conditions within the Roane County Jail in a constitutional condition, and failed to relieve overcrowding . . . " Plaintiff's action against Jack Stockton in his capacity as Sheriff of Roane County is really a suit against Roane County. *See Kentucky v. Graham,* 473 U.S. 159 (1985) (suits against state officials in their official capacity should be treated as suits against the state). Accordingly, the complaint against Jack Stockton is **DISMISSED,** as the proper party is Roane County, Tennessee.

## Roane County

Plaintiff alleges in his second amended complaint that the Roane County Jail was overcrowded. Specifically, plaintiff alleges that he "had to take turns with other detainees to sit down as insufficient seats existed to allow all of the detainees to sit," and that "the Roane County Jail was certified for 88 beds and held 110 on March 23, 2007." The second amended complaint also alleges that plaintiff was denied access to "clean toilet facilities." The second amended complaint states that plaintiff was arrested around 3:25 p.m. on March 23, 2007 and released at 11:35 p.m. on the same day. Therefore, plaintiff was incarcerated in the Roane County Jail for approximately 8 hours or less.

The Fourteenth Amendment's due process clause protects pretrial detainees from cruel and unusual punishments, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from cruel and unusual punishment. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). An act or practice that violates the Eighth Amendment also violates the due process rights of pretrial detainees. *Martin v. Tyson,* 845 F.2d 1451, 1457 (7th Cir. 1988). The Supreme Court has held that overcrowding in a prison setting is not itself a violation of the Constitution. *See Rhodes v. Chapman,* 452 U.S. 337, 347-48 (1981); *Owens v. Campbell,* 198 F.3d 246 (6th Cir. 1999). While overcrowded conditions can be restrictive and even harsh, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Rhodes* at 348; *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir. 1987). To allege a constitutional violation, plaintiff must allege and present evidence that he was denied basic human needs such as food, warmth, or sanitation, or was otherwise subjected to cruel and unusual

punishment by virtue of the alleged overcrowded conditions to justify relief. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991); *Rhodes* at 348. Moreover, "not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment. *Ivey* at 954.

The second amended complaint alleges that plaintiff spent 8 hours or less in the Roane County Jail. The complaint also alleges that the jail was certified for 88 beds, but held 110 inmates on March 23, 2007. Additionally, plaintiff alleges that he was denied access to clean toilet facilities, and "was in contact with human waste, all caused by the callous disregard of the condition of the jail."

Based upon the allegations of the second amended complaint, the court finds that plaintiff has failed to state a constitutional violation. Plaintiff does not allege that he was denied food or warmth. The complaint alleges that he was placed in a overcrowded cell with inadequate restroom facilities for 8 hours, but, given the limited duration, the court cannot find that this situation rose to the level of a constitutional violation. *See Hutto v. Finney,* 437 U.S. 678, 686-87 (1978) (A filthy, overcrowded cell . . . might be tolerable for a few days and intolerably cruel for weeks or months.); *Whitnack v. Douglas County,* 16 F.3d 954, 958 (8th Cir. 1994) (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours); *White v. Nix,* 7 F.3d 120, 121 (8th Cir. 1993) (eleven day stay in unsanitary cell not unconstitutional because of relative brevity of stay); *Harris v. Fleming,* 839 F.2d 1232, 1235-36 (7th Cir. 1988) (five day stay in "filthy, roach-infested cell" not unconstitutional); *Ogbolu v.*

*McLemore*, 1997 WL 49449 at 2 (10th Cir. Feb. 7, 1997) (cold, wet, drafty and unsanitary solitary cell for two days does not violate Eighth Amendment). The conditions plaintiff complains about may have been inconvenient, uncomfortable and unpleasant, but they did not place his welfare at serious risk or deny him the minimal civilized measures of life's necessities or violate his Constitutional rights. Accordingly, because plaintiff has failed to state a claim for which relief can be granted, his complaint against Roane County is **DISMISSED**.

### Conclusion

For the reasons stated above, the motions to amend complaint filed by plaintiff [Docs. 34, 44] are **GRANTED**; the motions to dismiss filed by defendants [Docs. 23, 25, 35, 46] are **GRANTED**; and this action is **DISMISSED** against Kathy Mount, Jack Stockton, and Roane County, Tennessee.

ENTER:

*Thomas W. Phillips*
**Thomas W. Phillips**
**UNITED STATES DISTRICT JUDGE**